UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LA VERN PARTRIDGE,

        Plaintiff,

vs.

Case No. 05-72568

HON. GEORGE CARAM STEEH

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES
POSTAL SERVICE,

        Defendant.
_____/

## ORDER GRANTING IFP STATUS AND *SUA SPONTE* DISMISSING COMPLAINT

Plaintiff La Vern Partridge, proceeding without counsel, has filed an Application to Proceed *In Forma Pauperis*, attached to which was a proposed complaint against John E. Potter, Postmaster General, United States Postal Service, and application for appointment of counsel financial affidavit.  Based upon the information contained in that application, the court grants plaintiff *in forma pauperis* status pursuant to 28 U.S.C. § 1915, and hereby instructs the clerk to file plaintiff's complaint.  However, for the following reasons, the lawsuit can not proceed.

Attached to the proposed complaint is a decision of the U.S. Equal Employment Opportunity Commission issued June 25, 2003, which affirmed the United States Postal Service's earlier denial of plaintiff's claim.

28 U.S.C. §§ 1915(e) provides in part that

> (2) Notwithstanding and filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal–
> (i) is frivolous or malicious;

  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii).  The proposed complaint and attached EEOC decision make it clear that plaintiff hopes to litigate, in this court, a cause of action ruled on by the Postal Service, which was affirmed by the EEOC.  The decision of the EEOC, dated June 25, 2003, clearly indicated to plaintiff that "[you] have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision."  See 29 C.F.R. § 1614.407.

  Because plaintiff did not file the action attempted here within the prescribed 90 days, but in fact took no such action until over two years had passed since receiving notice of the EEOC decision, it is the court's determination that plaintiff's desired action is frivolous and fails to state a claim.  28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).[1]  For these reasons, the complaint is hereby DISMISSED in its entirety.

  IT IS SO ORDERED.

             S/George Caram Steeh
             GEORGE CARAM STEEH
             UNITED STATES DISTRICT JUDGE

Dated:  July 15, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 15, 2005, by electronic and/or ordinary mail.

             S/Josephine Chaffee
             Secretary/Deputy Clerk

---

[1] Plaintiff concedes in the proposed complaint that "I missed my deadline on July 26, 2003..." (sic).  The court further notes that in the event plaintiff desired to bring a cause of action not ruled on by the Postal Service/EEOC, it is likely time-barred, as plaintiff is complaining of actions taken in 1996.

2